UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MEGAN ROBERTS ) | |
| ) | Case Number |
| Plaintiff ) | |
| ) | CIVIL COMPLAINT |
| vs. ) | |
| ) | |
| CAPITAL MANAGEMENT ) | |
| SERVICES, LP ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Megan Roberts, by and through her undersigned counsel, Joshua Dubs, Esquire, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Megan Roberts, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant transacts business in the District and maintains an office in this District.

### III. PARTIES

4. Plaintiff, Megan Roberts, is an adult natural person residing at 6322 Spinnaker Drive, Lewis Center, Ohio 43035. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Capital Management Services, LP. ("Defendant"), at all times relevant hereto, is and was a limited partnership engaged in the business of collecting debt within the State of Ohio and the State of New York with their principal place of business located at 726 Exchange Street, Suite 700, Buffalo, New York 14210.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. On or about October 20, 2010, Plaintiff started to receive calls from Defendant's agent, "Dustin", at her place of employment.

8. Defendant's agent, "Dustin", spoke with a co-worker of the Plaintiff and told them that he was calling in regards to a debt.

9. Plaintiff called Defendant's agent, "Dustin", back and told him that she could not receive calls regarding personal matters to her place of employment.

10. Defendant's agent, "Dustin", informed Plaintiff that he was collecting a debt allegedly owed on a Barclaycard account.

11. Defendant's agent, "Dustin", would not tell Plaintiff how much was owed on the above mentioned account.

12. Before ending the call, Plaintiff again informed the agent, "Dustin", that the Defendant was not to call her at her place of employment again.

13. Defendant's agent, "Dustin", stated that he could call wherever he wanted to call.

14. Plaintiff informed Defendant's agent, "Dustin", that he could not call her at work and that she was going to hang-up on him.

15. Defendant's agent, "Dustin", scolded the Plaintiff telling her that she had better not hang-up the phone.

16. Plaintiff ended the call.

17. On or about October 22, 2010, Plaintiff received another call to her place of employment, from an agent of the Defendant named, "Nick", collecting for the same debt.

18. Plaintiff told Defendant's agent, "Nick", that she could not receive personal calls at work and ended the call.

19. As of the filing of this complaint, Plaintiff continues to receive calls to her place of employment.

20. Plaintiff has never received anything in writing from the Defendant.

21. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, emotional distress, fear, frustration and embarrassment.

22. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

23. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

24. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

25. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I – FDCPA

26. The above paragraphs are hereby incorporated herein by reference.

27. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

28. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692b(2): | Contact of Third Party: Stated that the consumer owes any debt |
| §§ 1692c(a)(1): | At any unusual time, unusual place time or place known to be inconvenient to the consumer |
| §§ 1692c(a)(3): | At place of employment when knows that the employer prohibits such communication |
| §§ 1692c(b): | With anyone except consumer, consumer's attorney, or credit bureau concerning the debt |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692g: | Failure to send the consumer a 30-day validation notice within five (5) days of the initial communication |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Capital Management Services, LP for the following:

a. Actual damages;

b.  Statutory damages pursuant to 15 U.S.C. § 1692k;

c.  Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.  Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

Date: December 1, 2010            BY: /s/ Joshua E. Dubs

Joshua E. Dubs, Esquire
485 Michigan Avenue
Suite 5
Buffalo, NY 14203
716-854-2050 / Fax: 716-852-0560
Email: joshdubsesq@gmail.com
Attorney for Plaintiff